234 F.3d 1321 (D.C. Cir. 2000)
 Corrections Corporation of America, d/b/a Servicios Correcionales de Puerto Rico, Petitioner
v.
National Labor Relations Board, Respondent
 No. 00-1135
 United States Court of Appeals FOR THE DISTRICT OF COLUMBIA CIRCUIT
 Argued December 13, 2000
Decided December 26, 2000
 
 On Petition for Review and Cross-Application for Enforcement of an Order of the National Labor Relations Board
 Carlos A. Del Valle Cruz, pro hac vice, argued the cause for petitioner. With him on the brief was Angel MuNoz Noya.
 David A. Seid, Attorney, National Labor Relations Board, argued the cause for respondent. With him on the brief were Leonard R. Page, General Counsel, Aileen A. Armstrong, Deputy Associate General Counsel, and David Habenstreit, Supervisory Attorney.
 Before: Edwards, Chief Judge, Rogers and Garland, Circuit Judges
 Opinion for the Court filed Per Curiam:
 
 
 1
 In this case, the National Labor Relations Board ("NLRB" or "Board") found that petitioner Corrections Corporation of America ("Company") violated section 8(a)(1) and 8(a)(5) of the National Labor Relations Act ("Act"), 29 U.S.C. § 158(a)(1), (5) (1994), when the Company refused to recognize and bargain with the Union General de Trabajadores de Puerto Rico ("Union"), and unilaterally changed the work schedules of its social penal workers. The Company, in its petition for review, contends, first, that the Board lacks jurisdiction over private correctional institutions; second, that the Board erred in disposing of the unfair labor practice complaint on summary judgement; and, third, that persons employed as "social penal workers" are either guards or supervisors under the Act, and, therefore, should not have been included in the unit that was certified for bargaining. The Company's arguments are meritless.
 
 
 2
 "Because of its expertise, the Board 'necessarily has a large measure of informed discretion,' and this court will sustain the Board's determination that an individual is an 'employee' and not a 'supervisor' if it is supported by substantial evidence." Passaic Daily News v. NLRB, 736 F.2d 1543, 1550 (D.C. Cir. 1984) (quoting Amalgamated Clothing Workers of America v. NLRB, 420 F.2d 1296, 1300 (D.C. Cir. 1969)). "Substantial evidence means 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.' " MECO Corp. v. NLRB, 986 F.2d 1434, 1436 (D.C. Cir. 1993) (quoting Richardson v. Perales, 402 U.S. 389, 401 (1971)). The Regional Director found, and the Board affirmed, that there was no evidence in the record that the alleged supervisory duties listed in the job description and job postings for social penal workers had actually been exercised by the employees assigned to the job. The Board found no reliable evidence demonstrating that social penal workers had disciplined, recruited, transferred, laid off, or promoted any employees, and no reliable evidence that social penal supervisors ever gave instructions to other employees. And where there was any disagreement over these issues, the Regional Director discredited the Company's witnesses. There is no doubt that, on the record at hand, the Board's decision is supported by substantial evidence.
 
 
 3
 Likewise, the record clearly supports the Board's finding that social penal workers are not correctional guards. Though the record shows that social penal workers are trained in security functions, it is clear that enforcement is not essential to their main duties. And while security functions are included in the job descriptions of social penal workers, there is no substantial evidence that employees in this job actually perform security tasks. Rather, as the NLRB found, it is the correctional officers, not the social penal workers, who have the primary responsibility of enforcing prison protection rules.
 
 
 4
 There is no merit whatsoever to the Company's claim that the Board erred in entering a summary judgment. The Board routinely decides cases involving an alleged refusal to bargain after a Board certification, where the controlling issues have been, or could have been, litigated in the underlying representation hearing. See, e.g., Spectrum Healthcare Servs., Inc., 325 N.L.R.B. 1061 (1998) (granting General Counsel's motion for summary judgment where representation issues were or could have been litigated in prior representation proceeding). In such circumstances, the Board may rely on findings from the representation hearing in determining whether there has been a violation of section 8(a)(5) of the Act. See, e.g., E.N. Bisso & Son, Inc., 84 F.3d 1443, 1444 n.1 (D.C. Cir. 1996). The Board's application of the summary judgment procedure was fully justified in this case. The Company had a full and fair opportunity to litigate all issues during the representation hearing, the issues were fully and fairly considered by the Board, and the Company offered no new evidence at the unfair labor practice stage that warranted a second hearing on the disputed issues.
 
 
 5
 Finally, we reject the Company's so-called "jurisdictional" issues. At oral argument, counsel for the Company conceded that the Company had waived any claim resting on 29 U.S.C. § 164(c)(1) (1994) ("The Board, in its discretion, may ... decline to assert jurisdiction over any labor dispute involving any class or category of employers, where, in the opinion of the Board, the effect of such labor dispute on commerce is not sufficiently substantial to warrant the exercise of its jurisdiction."). Therefore, we offer no opinion on whether and under what circumstances the NLRB should, pursuant to this discretionary jurisdictional provision, decline to assert jurisdiction over private venture correctional institutions.
 
 
 6
 The Company asserts that, quite apart from the dictates of 29 U.S.C. § 164(c)(1), the NLRB has no jurisdiction under the Act over any employees in any private correctional institution. Actually, the Company's argument on this point has varied between a claim that the Board has no jurisdiction over any correctional institution and one that the Board has no jurisdiction over any maximum security correctional institution. In either case, however, the Company can cite to no statutory support for its position (nor is there record evidence that a maximum security institution is at issue here). It is clear that the Company is not excluded from the Act under 29 U.S.C. § 152(2) (1994) ("The term 'employer' ... shall not include the United States or any wholly owned Government corporation, or any Federal Reserve Bank, or any State or political subdivision thereof."). It is also clear that there is nothing in the Act that excludes privately run correctional institutions from coverage. And since the employees at issue here are not correctional guards, the Company's argument that we should "imply" an exclusion for such workers from the term "employee" is irrelevant. If good policy militates in favor of exclusion, that will be a matter for the NLRB (exercising its discretionary authority) or for Congress to decide, not this court. In short, there is no basis on this record to overturn the decision of the NLRB for lack of jurisdiction.
 
 
 7
 Accordingly, the petition for review is hereby denied, and the Board's cross-application for enforcement is granted.
 
 
 8
 So ordered.